IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

QUISENBERRY PHARMACIES, INC.,   Civ. No. 6:21-cv-01278-AA

        Plaintiff,   **OPINION & ORDER**

   v.

OHIO SECURITY INSURANCE COMPANY,

        Defendant.

_____

AIKEN, District Judge.

    This matter comes before the Court on Defendant's Motion for Reconsideration. ECF No. 24. The Court concludes that this matter is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

## DISCUSSION

    Federal Rule of Civil Procedure 60(b) governs reconsideration of "a final judgment, order, or proceeding" of the district court. That rules allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, under subsections (1), (2), and (3), "no more than a year after the entry of the

judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates v. Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted, discussing reconsideration under Fed. R. Civ. P. 59). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (internal quotation marks and citation omitted, alteration normalized).

Here, Defendant contends that a misplaced comma in a block quote of the insurance policy in the Court's Opinion and Order resolving cross motions for summary judgment, ECF No. 22, is a substantive error. The Court finds that mere scrivener's error gives no basis for reconsideration under Rule 60(b) and the motion is DENIED.

## CONCLUSION

Defendant's Motion for Reconsideration, ECF No. 24, is DENIED.

It is so ORDERED and DATED this ___13th___ day of June 2023.

          /s/Ann Aiken
          ANN AIKEN
          United States District Judge